# Rees *v.* Jutte, Appellant.

*Ships and shipping—Lien—Act, April* 20, 1858.

Under the act of April 20, 1858, P. L. 363, giving a lien on vessels navigating the rivers Allegheny, Monongahela and Ohio for work and materials furnished, and limiting the duration of the lien to two years, a person having an account for materials furnished and work done in building a boat, and a subsequent later account for work and materials furnished in repairing the boat, cannot unite these accounts so as to extend the lien of the construction account two years beyond the date of the last item of the repair account; nor can separate accounts for repairs made at different periods be so consolidated.

*Statute of frauds—Promise to pay debt of another.*

Where a parol promise is to pay a debt of another composed of separate and independent accounts, some of which are liens on defendant's property, and some of which are not, the promise is valid and enforceable only as to the account which was a lien when the promise was made.

*Affidavit of defence—Promise to pay repairs to boat.*

In an action to enforce a promise to pay for repairs on a boat, an affidavit of defence is sufficient which avers that defendant bought the boat upon the assurance of the seller that there was no lien or claim against it; that his promise to pay for repairs was intended to embrace only such claim as was then a lien on the boat, and that the accounts in suit, while for repairs upon it, related to repairs made at different periods, from one to eight months apart, and were separate accounts which did not extend the lien of the account for the first repairs beyond two years from the date of the last item in it.

Argued Nov. 7, 1892. Appeal, No. 237, Oct. T., 1892, by defendant, W. C. Jutte, from order of C. P. No. 2, Allegheny Co., April T., 1891, No. 507, making absolute rule for judgment by plaintiffs, Mary Rees et al., executors of James Rees, deceased. Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on promise to pay for work done and materials furnished in repairing boat.

Plaintiffs, in their statement of claim, averred that James Rees in his lifetime had performed work and furnished material in repairing a steamboat, " William Bonner; " that defendant purchased the boat with full knowledge of the lien, and had promised James Reese in his lifetime to pay the same; and that afterwards, within two years from the time

said work was done and materials furnished, he had again promised James Rees that he would pay the claim.

The material averments of the affidavit of defence appear by the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*Wm. A. Stone, W. P. Potter* with him, for appellant.—The promise of defendant was clearly collateral to the continued liability of the original debtor, and was within the statute: Nugent v. Wolf, 111 Pa. 480 ; Maule v. Bucknell, 50 Pa. 39. Defendant was only liable for the portion of the claim which was a lien upon his property.

*E. G. Ferguson, J. S. Ferguson* with him, for appellees.— Where the leading object of a promisor is to subserve some object of his own, his promise in form to pay the debt of another is not within the statute : Crawford v. Edison, 45 Ohio, 239 ; Little v. Edwards, 69 Md. 499. Defendant's promise was in relief of his own property; this took the case out of the statute : Landis v. Royer, 59 Pa. 95.

OPINION BY MR. JUSTICE McCOLLUM, February 13, 1893 :

The appellant in his affidavit of defence admits that he promised to pay the appellee's claim, and alleges that when he made the promise he supposed the claim was a valid lien on the steamboat "Wm. Bonner," in which he acquired a half interest on the 20th of August, 1887, by purchase from the executor of Jacob Bonner, deceased. The claim is composed of an account or accounts against Wm. Bonner & Co. for materials furnished and work done by James Rees at various times between the 12th of December, 1885, and the 20th of June, 1887, in repairing the boat at their request as the owners thereof. The amount of the claim is $358.34; the only item in it between July 20, 1886, and April 12, 1887, is a charge of seventy-five cents on the 4th of December, 1886, for "1 hand hole plate and bolt," and the sum total of all the items in it after July 20, 1886, is $33.38. The appellant avers that his only promise to pay the claim was made to the clerk of James Rees on or after the first of September, 1888, at which time he had not seen the account, and his only information respecting it was that it was

for work and materials in repairing the boat, and amounted to the sum now demanded by the appellees. He distinctly denies that there was, in consideration of his promise, any agreement on the part of Rees or any one representing him to refrain from enforcing his lien, or that any portion of the purchase money was withheld for the purpose of discharging liens, but on the contrary he affirms that he paid to the executor of Jacob Bonner, deceased, the entire price of the half interest in the boat, on his assurance that there were no liens or claims against it. He alleges further that his promise was intended to embrace only such claim as was then a lien on the boat, and that the accounts in suit, while for repairs upon it, relate to repairs made at different periods from one to eight months apart, and are separate accounts which do not extend the lien of the account for the first repairs beyond two years from the date of the last item in it.

The lien to which the affidavit refers is given and regulated by the act of April 20, 1858, P. L. 363, which provides that " all ships, steamboats or vessels navigating the rivers Allegheny, Monongahela or Ohio in this state shall be liable and subject to a lien " for the several classes or kinds of debts therein enumerated. The debt represented by the accounts which constitute the appellee's claim is within the second class and is subject to the provision in the fourth section of the act which limits the duration of the lien to two years from the date of the last item in the account, unless suit shall be commenced upon it within that period. The account referred to in this section is manifestly a continuous account, and not a consolidation of separate and independent accounts. For instance, if a party has an account for materials furnished and work done in building a boat and a year later makes an account for work and materials in repairing it, he cannot unite these accounts so as to extend the lien of the construction account two years beyond the date of the last item in the repair account. If he could do so the lien of the first account might be extended indefinitely, contrary we think to the plain intent of the statute. A consolidation of separate accounts for repairs made at different periods is equally objectionable. If at the opening of navigation in one season a boat is thoroughly repaired and fitted for service, the lien of the account for repairs cannot be ex-

tended by another account for repairs made at the beginning of the next season. In such case the accounts are distinct and relate to independent and completed transactions with a full year between them. Applying this principle to the claim of the appellees it is clear that the accounts prior to and on the 20th of July, 1886, were not liens on the boat on the first of September, 1888, when the promise was made, and if these were the only accounts embraced in the claim it is equally clear that the promise, being oral and to pay the debt of another, was invalid.

It is conceded by the appellant that the account of 1887 was a lien on the boat at the time he made the promise and he has tendered a judgment for the amount of it. Is he liable on his promise for anything more than the sum included in this tender? In view of his admission we may assume that he is liable for the last mentioned account and that the cases which hold that a promise to pay the debt of a third person which is a lien or charge on the property of the promisor is not within the statute of frauds, are applicable to it. These cases were decided on the ground that the promise was to pay a debt which was a lien upon and enforceable against the promisor's property at the time the promise was made. But when the promise is to pay a claim composed of separate and independent accounts, some of which are liens on his property and some of which are not, another and different question is presented. It is manifest however that in such case there is a reason for holding the promise valid as to the former, which has no application to the latter. The accounts which are liens constitute a debt or debts for which the promisor's property is bound, and for the accounts which are not liens the debtor alone is liable. A parol promise to pay the first can be enforced, and a like promise to pay the last is within the statute of frauds and of no validity. It seems to us therefore that when the promise relates to a claim which includes separate accounts, as in this case, the logical and just conclusion is that it is valid and enforceable only as to the account which was a lien when the promise was made. It follows from these views that the affidavit of defence was sufficient to prevent judgment.

The specification of error is sustained.

Judgment reversed and procedendo awarded.